IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ANNE TARDANICO**
111 Brigham Street, Unit 11-A
Hudson, MA 01749

Plaintiff,

v. : **Case No.**

**UNITED STATES OF AMERICA**
**SERVE:**
Hon. Eric Holder, Esquire
Attorney General of the
United States
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

and

Ronald C. Machen, Jr.
United States Attorney for
the District of Columbia
United States Attorney's
Office
555 4th Street, N.W.
Washington, D.C. 20530

Defendant.

**COMPLAINT**

COMES NOW the Plaintiff, Anne Tardanico, by and through her attorneys, Allan M. Siegel, Esquire, and the law firm of Chaikin, Sherman, Cammarata & Siegel, P.C., and respectfully represents as follows:

## INTRODUCTION

1. This Court has jurisdiction over the within cause of action pursuant to the Federal Tort Claims Act (FTCA) and due to the fact that the incident at issue occurred in the District of Columbia.

2. On or about January 2, 2013, Plaintiffs filed a Standard Form 95 claim with the Claims Division of the Military District of Washington, D.C., pursuant to 28 U.S.C. §2675(a), a copy of which is attached hereto as Exhibit 1.

## COUNT I
(Negligence - Personal Injury)

3. Upon information and belief, at all relevant times herein, Defendant United States of America (hereinafter "U.S.A."), inter alia, owned, leased, operated, managed, and/or maintained the real property and premises at issue herein, namely the National War College, located at 300 D Street, S.W., Fort Lesley J. McNair, Washington, D.C. 20319 (hereinafter "the premises at issue").

4. On or about June 9, 2011, Plaintiff Anne Tardanico was lawfully and properly present on the grounds of the premises at issue.

5. At said time or place, Plaintiff Anne Tardanico, with all due regard for her own safety, was lawfully and properly walking on the lawn of the premises at issue, when she tripped

and fell over a broken pipe in the ground. The pipe in the lawn was unreasonably and negligently allowed to remain in a camouflaged condition by the surrounding grass.

6. Defendant U.S.A., acting by and through its actual and/or apparent agents, servants, and/or employees, knew or should have known, inter alia, of the presence of the pipe in lawn and the unreasonably dangerous condition it created, that the pipe was unreasonably camouflaged and that there was not any notice, sign, and/or marking indicating that the pipe was present; that the Plaintiff and others similarly situated would be walking on lawn and that the camouflaged pipe, combined with the absence of any signs, notices, markings and/or other warnings nearby posed an unreasonable risk of harm to those, like Plaintiff, who were lawfully and properly present.

7. At all time mentioned herein, Defendant U.S.A., acting by and through its actual and/or apparent agents, servants, and/or employees, owed a continuing duty to maintain the premises at issue in a reasonably safe condition, with due regard for persons lawfully and reasonably walking on the walkway inside the premises.

8. Defendant U.S.A., acting by and through its actual and/or apparent agents, servants, and/or employees, breached the duties owed to the Plaintiff, Anne Tardanico, by, inter alia, failing to use reasonable and ordinary care to keep the premises

at issue safe for the benefit of those who lawfully and reasonably came upon the premises; failing to reasonably inspect, maintain and/or repair the lawn at the premises, failing to ensure that the lawn was free of hazards conditions, failing to reasonably ensure that any hazardous conditions that were present were sufficiently marked and/or identified so as not to pose an unreasonable risk of harm to the Plaintiff and those similarly situated, and failing to otherwise post notices or otherwise warn the Plaintiff of dangers that the Defendant knew or should have known existed.  At all times mentioned herein, Plaintiff Anne Tardanico was free of negligence and/or contributory negligence.

9.   As a direct and proximate result of the Defendant's aforesaid negligence, Plaintiff Anne Tardanico suffered injuries and damages, including but not limited to: fractures of the bilateral tibia and a comminuted fracture of the fibula; she has incurred, and will continue to incur, medical and hospital expenses in an effort to care for her injuries; she has suffered a loss of earnings and earning capacity; and she has suffered, and will in the future suffer, great pain of body and mind; all of which may be permanent in nature.

WHEREFORE, Plaintiff Anne Tardanico demands judgment of and against Defendant United States of America in the full amount of

One Million Dollars ($1,000,000.00), plus pre-judgment interest and costs.

Respectfully submitted,

**CHAIKIN, SHERMAN, CAMMARATA & SIEGEL, P.C.**

*/s/ Allan M. Siegel*
Allan M. Siegel
1232 17th Street, N.W.
Washington, D.C. 20036
202-659-8600
siegel@dc-law.net
Attorneys for Plaintiff

**JURY DEMAND**

Plaintiff hereby request a trial by jury as to all issues triable herein.

*/s/ Allan M. Siegel*
Allan M. Siegel

# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the ins...ctions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO. 1105-0008

Submit to Appropriate Federal Agency:

ilitary District of Washington, D.C.
TTN: Claims
)2 Cluster Road
ɔrt Meyer, VA 22211-1215

2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code.

Anne Tardanico
111 Brigham Street, Unit 11-A
Hudson, MA 01749

| TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 12/14/1936 | Widowed | 06/09/2011. Thursday | 1:00 p.m. |

BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

ɲn or about June 9, 2011, Ms. Tardanico was lawfully and properly on the property at the National War College located at 300 Street, S.W., Fort Lesley J. McNair, Washington, D.C. 20319, attending a graduation. As she was walking on the lawn with all ue care for her safety, she fell over a broken pipe, which was camouflaged by the surrounding grass. She suffered severe and ermanent injuries, as set forth below.

PROPERTY DAMAGE

ᴧAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

I/A

RIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. ;ee instructions on reverse side).

I/A

J. PERSONAL INJURY/WRONGFUL DEATH

TATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME ꟳF THE INJURED PERSON OR DECEDENT.

/ls. Tardanico suffered injuries and damages, including but not limited to: a right tibial plateau fracture, a comminuted fracture ıf the fibula, and an injury to her right ankle.

1. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Col. Scott Dullea | 6314 Falling Brook Drive, Burke, VA 22015 |
| Carol Dullea | 21 Peach Tree Lane, Lynn, MA 01904 |
| Martin Dullea | 21 Peach Tree Lane, Lynn, MA 01904 |

EXHIBIT 1

:2. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)

| :2a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| ).00 | 1,000,000,000 | | 1,000,000,000 |

CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN ꟳULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| Anne C. Tardanico | 978-568-1935 | 11/14/2012 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

INSURANCE COVERAGE

order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

i. Do you carry accident Insurance? ☐ Yes If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

/A

3. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No

17. If deductible, state amount.

0.00

3. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

I/A

9. Do you carry public liability and property damage insurance? ☐ Yes If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

I/A

INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.
B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.